UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NASW RRG INSURANCE COMPANY, n/k/a PREFERRA INSURANCE COMPANY RISK RETENTION GROUP, a District of Columbia corporation,<br><br>        Plaintiff,<br><br>     v.<br><br>L.U., by and through his Parent and Legal Guardian D.U., and D.U., individually, Washington residents; BRIAN HALL, a Washington resident; and C'D SOIL COUNSELING, PLLC d/b/a SEEDSOIL FAMILY COUNSELING, a Washington professional limited liability company.<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>28 U.S.C. §1332 |

## I.    PARTIES

1.    Plaintiff NASW RRG Insurance Company, now known as Preferra Insurance Company ("Preferra"), is a District of Columbia corporation with its principal place of business in Frederick, Maryland.

2.    Upon information and belief, Defendant L.U. is a minor, and is a resident of King County, Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

3.     Upon information and belief, Defendant D.U. is the mother of L.U. and is a resident of King County, Washington.

4.     Upon information and belief, Defendant Brian Hall ("Hall") is a Washington State Resident.

5.     Upon information and belief, Defendant C'D Soil Counseling, PLLC is a Washington professional limited liability company and does business as Seedsoil Family Counseling ("Seedsoil").

6.     Defendants L.U., D.U., Hall and Seedsoil may be referred to collectively as the "Defendants."

## II.     VENUE AND JURISDICTION

7.     The U.S. District Court for the Western District of Washington has jurisdiction pursuant to 28 U.S.C. §1332.  There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

8.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in Snohomish County, Washington.

## III.     FACTS

**A.     The Criminal Case and Subsequent Tort Lawsuit Against Hall**

9.     Upon information and belief, Hall was the sole owner and principal of Seedsoil and was as an insured under the Policy.

10.     In August of 2018, Hall provided notice to Preferra of a Washington State Licensing Board investigative proceeding arising out of alleged sexual abuse of a (then) ten-year-old patient, L.U.

11.     L.U.'s mother, D.U. reported the abuse to the local police department on or about August 1, 2018, resulting in a criminal investigation against Hall.

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

12.    Local prosecutors filed charges against Hall, captioned as *State of Washington v. Brian Keith Hall*, Snohomish County Superior Court, Case No. 19-1-01333-31 ("Criminal Case").

13.    In August 2022, Hall plead guilty to Fourth Degree Assault, and admitted pursuant to his guilty plea that, "on or about the 31st of July 2018 [he] did intentionally assault another person, to wit: L.U."

14.    Hall was sentenced in the Criminal Case on or about September 12, 2022.

15.    On September 20, 2022, L.U., through counsel, sent a demand letter and draft complaint to Hall ("Demand Letter"). The Demand Letter offered to settle L.U.'s civil claims arising out of the alleged abuse against Hall for $960,000 and provided Hall 45 days (until November 4, 2022) to respond.

16.    On October 12, 2022, Preferra, through its third-party administrator Gallagher Bassett Healthcare ("GB"), sent a letter to Hall that provided notice of certain coverage limitations and issues under the Policy. In particular, the October 12th letter notified Hall of the following criminal acts exclusion in the Policy:

> As noted above, the Policy excludes, in relevant part, claims where there has been a judgment or admission of criminal … conduct. The plea agreement you entered into qualifies as such a judgment and/or admission.

17.    Notwithstanding the Policy's criminal acts exclusion, Preferra agreed to defend Hall through the Licensing Board proceeding up to the applicable $35,000 coverage sub limit. Hall was notified that Preferra's extension of coverage for these defense costs was subject to Preferra's reservation of its coverage defenses.

18.    On November 9, 2022, L.U. sued Hall and Seedsoil in Snohomish County Superior Court, Case No. 22-2-06918-31 ("Tort Lawsuit") citing Hall's guilty plea to the criminal charge of Fourth Degree Assault.

COMPLAINT FOR DECLARATORY JUDGMENT - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

19. Hall retained David Marshall, Esq. ("Marshall") to defend the Tort Lawsuit on or about February 21, 2023.

20. Marshall provided the Demand Letter to Preferra on or about February 21, 2023.

21. On February 23, 2023, Pearl advised Marshall that there was no coverage under the Policy.

22. Hall entered into a settlement agreement that contained a covenant not to execute and an assignment to L.U. of Hall's rights under the Policy to L.U. on or about October 29, 2024. Preferra was not notified of the settlement, nor was it notified of the assignment.

23. L.U. filed a "Notice and a Motion for Determination of Reasonableness of Settlement and approval of Minor Settlement." The motion separately identified "NASW Assurance Services" and "Gallagher Bassett Services, Inc." as "parties requiring notice" and each as a "Respondent/Defendant."

24. The motion was noticed for hearing on ***Tuesday, March 11, 2025***, at 9:30 a.m. L.U.'s counsel served the motion on February 26th, via "personal service" on "NASW Assurance Services, Inc.", in Frederick, Maryland. Preferra, through its outside legal counsel, requested a continuance of the motion to allow additional time for it to gather information in order to respond. That motion was denied.

25. Preferra responded to the motion on March 10, 2025, and participated in the hearing on March 11, 2025.

26. The Snohomish County Superior Court found the settlement reached between L.U. and Hall/Seedsoil of $2,250,000 was reasonable on March 20, 2025.

**B.     The Insurance Policy**

27. Preferra issued a claims-made-and-reported Social Workers Professional and Supplemental Liability Insurance Policy, No. No. P-GRO3YX95817VA-00, to Seedsoil for a policy

COMPLAINT FOR DECLARATORY JUDGMENT - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

period of April 1, 2018, through April 1, 2019 ("Policy"). The Policy provided limited coverage to Seedsoil pursuant to its terms and conditions, and not otherwise.

28. The Policy provides coverage under an insuring agreement, which provides, in potentially relevant part, as follows:

**CLAIMS MADE AND REPORTED SOCIAL WORKERS PROFESSIONAL AND SUPPLEMENTAL LIABILITY POLICY**

**NOTICE: THIS POLICY PROVIDES SOCIAL WORKERS PROFESSIONAL LIABILITY CLAIMS MADE AND REPORTED COVERAGE. COVERAGE IS LIMITED GENERALLY TO LIABILITY FOR CLAIMS ARISING FROM A PROFESSIONAL INCIDENT HAPPENING ON OR SUBSEQUENT TO THE RETROACTIVE DATE STATED IN THE POLICY AND BEFORE THE END OF THE POLICY PERIOD WHEN THE CLAIM IS FIRST MADE AGAINST YOU AND REPORTED TO US IN WRITING DURING THE POLICY PERIOD OR ANY APPLICABLE EXTENDED REPORTING PERIOD. A LOWER LIMIT OF LIABILITY APPLIES TO SOME OF THE COVERAGES IN THIS POLICY. THIS POLICY IS SUBJECT TO ARBITRATION IN ACCORDANCE WITH THE PROVISIONS SET FORTH BELOW IN SECTION VII(K). PLEASE REVIEW THIS POLICY CAREFULLY AND DISCUSS THIS COVERAGE WITH YOUR LEGAL OR INSURANCE ADVISOR.**

Throughout this **Policy**, the words **You**, **Your**, and **Insured** refer to each person or entity that is an **Insured** under this **Policy**. The words **We**, **Us**, and **Our** refer to the **Company** providing this insurance. Bolded words and phrases used in this **Policy** have special meaning as defined in this **Policy**, including in Section III, Definitions.

In consideration of the payment of premium, the undertaking of the **Insured** to pay any applicable Deductible to the degree one is stated in the Declarations, and in reliance on all of the statements made and information **You** furnished to **Us**, including all representations made in the **Application**, and subject to the **Limits of Liability** as set forth in the Declarations and described in Section IV of this **Policy**, and the terms, conditions and other provisions of this **Policy**, **We** and **You** agree as follows:

I. INSURING AGREEMENT

Coverage Part A: Professional Liability Coverage

**We** will pay on **Your** behalf those amounts that **You** become legally obligated to pay as **Damages** for a **Claim** alleging a **Professional**

COMPLAINT FOR DECLARATORY JUDGMENT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

**Incident** in **Your** provision of **Professional Services** to others, provided:

A. The Professional Incident takes place on or after the Retroactive Date and before the end of the Policy Period and within the Policy Territory, and

B. The **Claim** is first made against **You** and reported to **Us** in writing during the **Policy Period** or any applicable Extended Reporting Period pursuant to the reporting procedures set forth in Section VII.A.

…

DEFENSE, CLAIM EXPENSES, SETTLEMENT

A. The following applies only to Coverage Parts A and B:

**We** will have the right and duty to defend **You**, including the right to select counsel, against any **Claim** brought against **You** to which this **Policy** applies regardless of whether the **Claim** is groundless, false or fraudulent. **We** will have no duty to defend **You** against any **Claim** for which there is no coverage under this **Policy**. **We** have the right to conduct any investigation or negotiation and, with the written consent of the first **Named Insured**, which consent will not be unreasonably withheld, make any settlement of a **Claim**. If **We** recommend a settlement to **You** that is acceptable to the claimant and **You** refuse to consent to the settlement and elect to contest the **Claim** or continue any legal proceedings in connection with such **Claim** then, subject to the Limits of Liability section of this **Policy**, our **Limit of Liability** for that **Claim** will not exceed the amount for which that **Claim** could have been settled, plus the **Claim Expenses** incurred by **Us** to defend that **Claim**.

B. **We** will have the right, but not the duty, at **Our** sole discretion to investigate any **Damages**, **Claim** or **Potential Claim**.

…

D. **You** may not incur any **Claim Expenses**, admit liability, make any payment, or settle any **Claim** without **Our** prior written consent, which will not be unreasonably withheld. **We** will not be liable for any expense, settlement, assumed obligation or admission to which **We** did not consent.

E. Subject to the applicable **Limit of Liability**, **We** will pay all **Claim Expenses** that **We** incur in the investigation and defense of any **Claim** under Coverage Parts A or B or that **We** incur under Coverage Part C. **Claim Expenses** are within the **Limit of Liability**.

COMPLAINT FOR DECLARATORY JUDGMENT - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

F. **You** agree to cooperate with **Us** in defending, investigating and settling any **Claim** and agree, as a condition of coverage under this **Policy**, to submit to **Us** upon request any information and documentation that **We** may require in the investigation and defense of any **Claim**.

…

29.    The Policy contains certain provisions that preclude coverage for the subject loss, including, but not limited to the following potentially applicable exclusion:

VI.  EXCLUSIONS

**We** will not be liable to make any payment in connection with any matter, **Claim** or **Damages** based upon, arising out of or related to any actual or alleged:

A. Criminal, malicious, fraudulent, knowingly wrongful, or dishonest act(s) or omission(s), or willful violation(s) of any statute or regulation committed by **You**.  However, this exclusion will not apply unless there is a judgment, final ruling, or admission adverse to **You** in any judicial, administrative or alternative dispute resolution proceeding establishing that such acts or omissions were malicious, fraudulent, knowingly wrongful or dishonest, or willful or that **You** approved, consented to or had knowledge of such conduct. **We** will not be required to appeal any such adjudication, judgment or ruling. The conduct or knowledge of one **Insured** will not be imputed to another **Insured**.

B. Criminal proceedings, regardless of the allegations made against **You**;

…

G. **Damages** that were expected or intended, or that should have been reasonably expected or intended, from the standpoint of an **Insured**;

…

J.  **Sexual Misconduct** or molestation, except as follows, and subject to a policy maximum of $25,000 for **Damages** for **Claims** involving **Sexual Misconduct** as set forth in Section IV.E.:

COMPLAINT FOR DECLARATORY JUDGMENT - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

1. **We** will pay **Claim Expenses** and **Damages** that **You** are legally obligated to pay, as a result of any **Claims** against **You** involving any **Sexual Misconduct** arising out of or related to **Professional Services** rendered by **You**, provided:

   (a) the **Sexual Misconduct** has not been determined to have occurred by any trial verdict, court ruling, regulatory ruling or legal admission, whether or not it has been appealed, regardless of the legal theory or basis upon which the **Insured** is alleged to be liable;

   (b) the alleged **Sexual Misconduct** took place on or after the **Retroactive Date** and before the end of the **Policy Period**;

   (c) the **Claim** involving **Sexual Misconduct** was first made against **You** and reported to **Us** during the **Policy Period** or any applicable Extended Reporting Period pursuant to the procedures identified in Section VIII.A; and

   (d) the **Claim** does not allege or involve **Sexual Misconduct** by anyone other than **You**;

2. This exclusion does not apply if the **Claims** against **You** are solely for actual or alleged vicarious liability by **You** for the **Sexual Misconduct** of another, or for any other actual or alleged liability of **You** for the actions of someone else, including but not limited to allegations of improper or negligent hiring, employment or supervision if they are otherwise covered under this **Policy**.

   …

L. Libel, slander, oral or written publication of defamatory or disparaging material, invasion of privacy, wrongful entry or eviction, violation of rights of occupancy, false arrest, false imprisonment, malicious prosecution, malicious use of or abuse of process, **Assault**, battery, or any resulting loss of consortium, disability, shock, humiliation, embarrassment, mental injury or anguish, emotional distress or injury to personal or business reputation or character;

   …

COMPLAINT FOR DECLARATORY JUDGMENT - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

30. The Policy conditions coverage, and further provides, in potentially relevant part, as follows:

VII. CONDITIONS

A.  Duties in the Event of a **Claim** or **Potential Claim** Under Coverage Parts A, B, or C, or Receipt of a Matter under Coverage Part C

It is a condition precedent to **Our** obligations and **Your** rights under the **Policy** that **You** give to **Us** written notice during the **Policy Period** or any applicable Extended Reporting Period of the following, as soon as practicable and without delay:

1.  If, during the **Policy Period** or any applicable Extended Reporting Period, a **Suit** is brought or other **Claim** made against **You**, **You** must notify **Us** of such **Suit** or other **Claim** and such notice must contain:

(a) All written notice and communications related to the matter received by the **Insured(s)**, including but not limited to any demands, notices, and summonses;

(b) The identity of the **Insured(s)** involved and the identity of the claimant; and

(c) The date of and location where the alleged incident took place;

…

B.  Cooperation of the **Insured**

1.  It is a condition precedent to **Our** obligations and **Your** rights under the **Policy** that all **Insureds** will cooperate with the **Company**, including, but not limited to, the following:

(a) Immediately send **Us** copies of any demands, notices, summonses, legal papers received in connection with the **Claim** or **Suit**;

COMPLAINT FOR DECLARATORY JUDGMENT - 9

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

(b) Authorize **Us** to obtain records and other information;

(c) Cooperate with **Us** in the investigation, settlement or defense of any **Claim** or **Suit**;

(d) Assist **Us**, upon **Our** request, in the enforcement of any right against any person or organization that may be liable to **You** because of injury or damage to which this insurance may also apply; and

(e) Attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses.

2. No **Insured** will:

(a) Prejudice **Our** position, potential or actual right of recovery, legal obligations or rights;

(b) Settle any **Claim**, incur any **Claim Expenses**, or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without **Our** written consent; or

(c) Voluntarily make any payments, assume any obligation or incur any expense, except those done at **Your** own cost.

31. The Policy defines certain terms, and in this regard, provides, in potentially relevant part, as follows:

III. DEFINITIONS

A. **Assault** means any willful attempt or threat to inflict **Bodily Injury** upon the person of another, when coupled with an apparent present ability to do so, and any intentional display of force that would give the victim reason to fear or expect immediate bodily harm.

B. **Bodily Injury** means physical injury, sickness, disease, mental illness or emotional distress sustained by any person, including death resulting therefrom.

…

COMPLAINT FOR DECLARATORY JUDGMENT - 10

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

D. **Claim(s)** means

1. a written demand for money or services, naming **You** and alleging **Damages** caused by a **Professional Incident**, but solely as respects Coverage Part A;

2. a written demand for money or services naming **You** and alleging **Damages** for **Bodily Injury** or **Property Damage** to a **Business Invitee**, but solely as respects Coverage Part B; or

3. a regulatory proceeding or formal investigation concerning a **Privacy Wrongful Act** arising solely out of **Your** performance of **Professional Services**, but solely as respects Coverage Part C., Subpart B.1.

4. an administrative **proceeding or formal investigation concerning Your provision** of Professional Services commenced by a regulator, but solely as respects Coverage Part C, Subpart C.

A **Claim** will be considered first made when notice of such **Claim** is first received by any **Insured**, if it is reported to the **Company** in writing in accordance with the terms and conditions of this **Policy**.

All **Claims** arising out of the same **Professional Incident** will be considered as having been made at the time the first report of such a **Claim**, whenever made.

**Claim** also means a **Potential Claim** involving a **Professional Incident**, which **You** report to **Us** as soon as practicable during the **Policy Period**. The report of such a **Potential Claim** must include:

1. The date, time and place of the **Potential Claim** and the identity of any Insured involved;

2. A description of the **Professional Services** that **You** performed;

3. The type of **Claim You** anticipate; and

4. The name and address of the injured party and any witnesses.

If **You** submit written notice to **Us** containing the information listed in 1-4 above, then any **Claim** that may subsequently be made against **You** arising out of the same **Professional Incident** will be deemed, for the purposes of insurance under the **Policy**, to have been made during the **Policy Period** in effect at the time such written notice was submitted to **Us**.

…

COMPLAINT FOR DECLARATORY JUDGMENT - 11

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

J. **Personal Injury** means injury, other than Bodily Injury, arising out of one or more of the following offenses:

1. False arrest, detention or imprisonment;

2. Malicious prosecution;

3. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies committed by or on behalf of its owner, landlord or lessor;

4. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

5. Oral or written publication of material that violates a person's right of privacy.

K. **Policy** means this insurance contract issued by **Us** to the **Named Insured**¸ including the Declarations page(s) and all endorsements to it.

L. **Policy Period** means the period from the inception date of this Policy set forth in the Declarations to the expiration date of this Policy as set forth in the Declarations or the cancellation or termination date, whichever occurs first.

…

N. **Potential Claim** means a **Professional Incident** that has not yet resulted in a **Claim** but that an **Insured** has reason to believe may give rise to a **Claim** covered by this **Policy**, or that an **Insured** should reasonably foresee might be the basis of a **Claim** covered by this **Policy**.

…

P. **Professional Incident** means any act, error or omission in the providing of, or the failure to provide, **Professional Services** by **You**. This includes **Your** responsibility for anyone acting under **Your** direction and control. All **Related Professional Incidents** arising out of the provision of **Professional Services** to any one person will be considered one **Professional Incident**, irrespective of the number of **Claims** made or the number of **Claimants** or number of **Insureds**. The **Limit of Liability** for all **Claims** alleging **Related Professional Incidents** will be the Each Claim Limit as set forth in the Declarations, regardless of the number of **Claims**, claimants, **Suits**, **Insureds**, or Coverage Parts involved.

COMPLAINT FOR DECLARATORY JUDGMENT - 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

Q. **Professional Services** means solely those social work services rendered to others by a social worker who qualifies as an **Insured** under this **Policy**.

…

S. **Related Professional Incidents** means any actual or alleged separate, continuous, repeated or series of **Professional Incidents** directly arising out of or related to the same or similar service, transaction, event, representation, statement, practice, advice, decision or circumstance, or to a series of services, transactions, events, representations, statements, practices, advice, decisions or circumstances concerning the same patient or client. The determination of whether or not a **Professional Incident** constitutes a **Related Professional Incident** will not be affected by the identity or number of claimants, the identity or number of **Insureds** involved, or the existence of a separate duty or professional relationship.

…

U. **Sexual Misconduct** means

1. any type of physical touching or caressing, or attempt thereof, or suggestion thereof, which could be considered sexual or erotic in nature, including consensual sexual activity or sexual activity in contravention of a professional code of ethics or conduct; or

2. any act of sexual assault, harassment or molestation.

V. **Suit** means a civil proceeding seeking monetary damages, and includes an arbitration, mediation, or any other alternative dispute resolution procedure seeking such damages to which **You** submit with **Our** consent. **Suit** does not include an administrative hearing.

32.    The above exclusions and other applicable policy provisions preclude coverage under the subject policy.

33.    Upon information and belief, Hall was notified of certain Policy provisions on October 12, 2022.

COMPLAINT FOR DECLARATORY JUDGMENT - 13

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

34. Upon information and belief, Hall was notified on October 12, 2022, that there was no coverage under the Policy for any claim arising out the allegations made by L.U., which was the subject of the Criminal Case.

35. Upon information and belief, Hall failed to cooperate with the terms and conditions of the Policy, and intentionally withheld information relevant to coverage from Preferra, as well as L.U.

36. Upon information and belief, Hall failed to provide the settlement demand letter to Preferra within the time limit provided by L.U., depriving Preferra of the opportunity to accept or reject a settlement within the applicable policy limits.

37. Upon information and belief, Hall failed to provide notice to Preferra of his October 2024 settlement agreement and assignment of policy benefits to L.U. Preferra did not learn of this agreement until March 3, 2025, when it received notice of the reasonableness hearing to be conducted on March 11, 2025.

38. Upon information and belief, Hall & L.U. colluded with respect to the settlement agreement, and failure to provide notice of the policy limits demand, failure to notify Preferra of the assignment of policy benefits in October 2024, and failure to provide adequate notice of the reasonableness hearing. This conduct was intended to manufacture facts that would support a first party cause of action against Preferra.

## IV.    FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT – FAILURE TO REPORT THE CLAIM

39. Preferra realleges each of the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. The Policy provides coverage to Hall pursuant to its terms and conditions and not otherwise.

41. "The **Claim**" by L.U. was not made against Hall within the policy period.

COMPLAINT FOR DECLARATORY JUDGMENT - 14

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

42. Hall did not report "the **Claim**" against him within the policy period or any extended reporting period.

43. Hall did not report the "**Potential Claim**" to Preferra within the policy period or any applicable extended reporting period.

44. As such, Preferra is entitled to declaratory judgment that coverage under the Policy is precluded pursuant to the insuring agreement.

45. A justiciable controversy exists between Preferra and Hall with regard to whether Coverage is precluded pursuant to Hall's failure to notify Preferra of the Claim timely.

## V.   SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT – CRIMINAL ACT EXCLUSION

46. Preferra realleges each of the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. The Policy provides coverage to Hall pursuant to its terms and conditions and not otherwise.

48. The Policy excludes coverage for "[C]riminal, malicious, fraudulent, knowingly wrongful, or dishonest act(s) or omission(s), or willful violation(s) of any statute or regulation committed by **You**."

49. Hall plead guilty to "Fourth Degree Assault," and further stated in his plea that, "on or about the 31st of July 2018 [he] did intentionally assault another person, to wit: L.U."

50. The court accepted Hall's plea.

51. Preferra is entitled to declaratory judgment that the underlying lawsuit is precluded pursuant to the Exclusion for Criminal Acts.

52. A justiciable controversy exists between Preferra and Hall with regard to whether Coverage is precluded pursuant to Hall's intentional, admitted, criminal conduct.

COMPLAINT FOR DECLARATORY JUDGMENT - 15

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

## VI.   THIRD CAUSE OF ACTION

### DECLARATORY JUDGMENT – EXPECTED DAMAGES EXCLUSION

53.   Preferra realleges each of the allegations contained in Paragraphs 1 through 52 as though fully stated herein.

54.   The Policy provides coverage to Hall pursuant to its terms and conditions and not otherwise.

55.   The Policy excludes coverage for "**Damages** that were expected or intended, or that should have been reasonably expected or intended, from the standpoint of an **Insured**…"

56.   Hall plead guilty to "Fourth Degree Assault," and further stated in his plea that, "on or about the 31st of July 2018 [he] did intentionally assault another person, to wit: L.U."

57.   L.U.'s damages as a result of the assault by Hall were expected or intended by Hall, or he should have reasonably expected or intended those damages to L.U.

58.   Preferra is entitled to declaratory judgment that the underlying lawsuit is precluded pursuant to the damages by L.U. being expected or intended by the standpoint of Hall.

59.   A justiciable controversy exists between Preferra and Hall with regard to whether Coverage is precluded pursuant to Hall's intentional, admitted, criminal conduct.

## VII.   FOURTH CAUSE OF ACTION

### DECLARATORY JUDGMENT – SEXUAL MISCONDUCT EXCLUSION

60.   Preferra realleges each of the allegations contained in Paragraphs 1 through 59 as though fully stated herein.

61.   The Policy provides coverage to Hall pursuant to its terms and conditions and not otherwise.

62.   The Policy provides limited coverage, up to $25,000 for **Sexual Misconduct**, pursuant to separate terms and conditions.

COMPLAINT FOR DECLARATORY JUDGMENT - 16

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

63. Hall plead guilty to "Fourth Degree Assault," and further stated in his plea that, "on or about the 31st of July 2018 [he] did intentionally assault another person, to wit: L.U."

64. The Policy provides **Sexual Misconduct** coverage if, " the Sexual Misconduct has not been determined to have occurred by any trial verdict, court ruling, regulatory ruling or legal admission, whether or not it has been appealed, regardless of the legal theory or basis upon which the Insured is alleged to be liable…"

65. Preferra is entitled to declaratory judgment that **Sexual Misconduct** coverage is excluded pursuant to Hall's admission and plead, which was accepted by the Snohomish County Superior Court.

66. Preferra is also entitled to declaratory judgment as Hall did not report the **Claim** within the policy period.

67. A justiciable controversy exists between Preferra and Hall with regard to whether coverage for **Sexual Misconduct** by Hall is precluded by the terms and conditions of the policy.

## VIII.   FIFTH CAUSE OF ACTION

## DECLARATORY JUDGMENT – ASSAULT EXCLUSION

68. Preferra realleges each of the allegations contained in Paragraphs 1 through 67 as though fully set forth herein.

69. The Policy provides coverage to Hall pursuant to its terms and conditions and not otherwise.

70. The Policy excludes coverage for claims based upon, arising out of or related to any actual or alleged Assault.

71. Hall plead guilty to "Fourth Degree Assault," and further stated in his plea that, "on or about the 31st of July 2018 [he] did intentionally assault another person, to wit: L.U."

72. Preferra is entitled to declaratory judgment that the underlying lawsuit is precluded pursuant to the exclusion for assault.

COMPLAINT FOR DECLARATORY JUDGMENT - 17

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

73.    A justiciable controversy exists between Preferra and Hall with regard to whether Coverage is precluded pursuant to Hall's intentional, admitted, criminal conduct.

## IX.    FIFTH CAUSE OF ACTION

## DECLARATORY JUDGMENT – FAILURE TO COOPERATE

74.    Preferra realleges each of the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75.    The Policy provides coverage to Hall pursuant to its terms and conditions and not otherwise.

76.    The cooperation clause cited in the above is a condition precedent to coverage under the Policy.

77.    Hall failed to comply with the cooperation clause in the Policy, and other applicable conditions.

78.    Hall's cooperation was, and continues to be, material to coverage under the Policy.

79.    Preferra satisfied its duties under the policy.

80.    Preferra has been, and continues to be, substantially prejudiced by Hall's past and ongoing failure to participate and cooperate with the defense of the Lawsuit.

81.    The Policy further provides Hall may not:

> (a) Prejudice **Our** position, potential or actual right of recovery, legal obligations or rights;
>
> (b) Settle any **Claim**, incur any **Claim Expenses**, or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without **Our** written consent; or
>
> (c) Voluntarily make any payments, assume any obligation or incur any expense, except those done at **Your** own cost.

82.    Hall settled with L.U, incurred expenses, voluntarily assumed obligations under the Policy, and assigned the policy benefits to L.U. without Preferra's consent.

COMPLAINT FOR DECLARATORY JUDGMENT - 18

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

83. As such, Preferra is entitled to declaratory judgment that coverage for the claims made by L.U. are preluded pursuant to Hall's failure to cooperate.

84. A justiciable controversy exists between Preferra and Hall with regard to whether Coverage is precluded pursuant to Hall's failure to cooperate.

## X.    FOURTH CAUSE OF ACTION

## DECLARATORY JUDGMENT – PREFERRA SATISFIED POLICY DUTIES

85. Preferra realleges each of the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86. The Policy provides coverage to Hall pursuant to its terms and conditions and not otherwise.

87. Preferra is entitled to declaratory judgment that it satisfied its duties under the policy.

88. A justiciable controversy exists between Preferra and Hall regarding Preferra's satisfaction of its duties under the policy.

## XI.    PRAYER FOR RELIEF

Plaintiff Preferra prays for the following relief:

1. Declaratory judgment for Preferra as follows:

   a. Hall committed an intentional and criminal act as to his sexual abuse of L.U.

   b. There is no coverage for L.U.'s claims against Hall pursuant to Hall's failure to timely report the claim.

   c. There is no coverage for L.U.'s claims against Hall pursuant Hall's intentional criminal conduct.

   d. There is no coverage for L.U.'s claims against Hall because the consequences of Hall's assault on L.U. were expected or intended by Hall.

   e. There is no coverage for L.U.'s claims against Hall because Hall assaulted L.U.

COMPLAINT FOR DECLARATORY JUDGMENT - 19

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

  f. Hall breached the cooperation requirement of his policy, as well as other applicable Conditions of the Policy;

  g. Hall's failure to cooperate and failure to comply with the policy conditions also precludes coverage.

  h. Preferra satisfied its duties under the policy.

  i. Preferra has been substantially prejudiced and continues to be prejudiced by Hall and L.U.'s past and ongoing failures to cooperate with the policy terms and conditions.

2. An award of reasonable attorneys' fees and costs as allowed by law; and

3. All such other and further relief as the Court deems just and equitable.

DATED this 16th day of April, 2025.

s/ Jennifer E. Aragon
Jennifer E. Aragon, WSBA # 45270
Eliot M. Harris, WSBA #36590
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:  eharris@williamskastner.com
    jaragon@williamskastner.com

*Attorneys for Plaintiff Preferra Insurance Company RRG*

COMPLAINT FOR DECLARATORY JUDGMENT - 20

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon counsel of record at the address and in the manner described below a copy of the document to which this certificate is attached for delivery to the following:

| David Moody, WSBA #22853 | VIA |
| James Chong, WSBA #54594 | ☐ Via Legal Messenger |
| Ryan Pittman, WSBA #57560 | ☐ Via Facsimile |
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | ☑ Via United States Mail |
| 1301 Second Avenue, Suite 2000 | ☐ Via ECF/Filing |
| Seattle, WA 98101 | ☑ Via Email |
| (206) 623-7292 | |
| Email:  davidm@hbsslaw.com | |
|        jamesc@hbsslaw.com | |
|        ryanp@hbsslaw.com | |
| | |
| ***Attorneys for L.U. and D.U.*** | |

DATED this 16th day of April, 2025.

s/ Jennifer E. Aragon
Jennifer E. Aragon, WSBA # 45270
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
Email:  jaragon@williamskastner.com

***Attorneys for Plaintiff Preferra Insurance Company RRG***

COMPLAINT FOR DECLARATORY JUDGMENT - 21

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

4905-7758-0596.2